## Commonwealth *vs* Lexington and Harrodsburg Turnpike Road Company.

ERROR TO THE MERCER CIRCUIT.

*Quo warranto.    Parties.    Writs of error.*

JUDGE MARSHALL delivered the opinion of the Court.

QUO WAR-
RANTO.

*Case* 81.

*April* 21.

The case stated.

THIS is a writ of error in the name of the Commonwealth, from a judgment of the Circuit Court of Mercer, quashing a writ of *quo warranto*, which had been previously ordered by the Court, upon the affidavit and petition of John W. Adams. The complaint of the petitioner was, that said Turnpike Company had erected a toll gate on the road, &c., within one mile of the town of Harrodsburg, and were requiring and taking toll from the citizens, and from the petitioner, for passing the same, which is alledged to be in violation of law. On the prayer of this petition, the writ of *quo warranto* was issued and was executed on the defendants, who demurred to the petition, and also pleaded two pleas, in which, besides referring to the acts of incorporation as authorizing the erection of said gate, and demanding toll thereat, they deny that the said gate was erected within one mile of the town of Harrodsburg, and aver that it had been erected more than five years before this proceeding was taken. Issues were taken on the demurrer and pleas, and the whole case was submitted to the Judge, with an agreement that the facts stated in the survey, (one having been made by order of the Court,) were true. There is, however, no bill of exceptions stating the evidence. From which circumstance, as well as from the nature of the judgment, we infer that the case was decided upon the demurrer. But whatever may have been the fact in this respect, the first question to be considered in this Court is, whether the proceeding could be instituted and

COMMONWEALTH
*vs*
LEXINGTON AND
HARRODSBURG T.
R. COMPANY.

The statute of
9 *Anne, C.* 20,
which gave an
information in
the nature of a
writ of *quo war-*
*ranto,* in the
name of the At-
torney General,
is not in force in
Ky. nor any stat-
ute of similar
provisions.

The power to es-
tablish toll gates
on the puelic
roads in Ky. is
grantable by le-

maintained on the motion and petition of an individual, without the sanction and co-operation of the attorney for the Commonwealth, who alone is authorized to act for her in the assertion of public rights and the repression of public wrongs.

"A writ of *quo warranto*, (according to the common law,) is in the nature of a writ of right for the King, (and here for the Commonwealth,) against him who claims or exercises any office, franchise, or liberty, to enquire by what warrant or authority he supports his claim: *Finch's L.* 332; 2 *Inst.* 282; *Tomlin's L. Dict.* 7, 3d vol. title *Quo warranto, page* 280. It is. in its nature, a public proceeding for a public injury, and although by virtue of the statute of 9 *Anne, C.* 20, an information in the nature of a *quo warranto* may, by leave of the Court, be brought in certain cases, on the relation of any person, desiring to prosecute the same, this principle seems to be confined to cases, in which, the public, at large, is not intersted, and does not affect the course of proceeding for a public injury. Besides that statute has no opera-tion in this State, and there is not only no similar enact-ment here, but there is no statute of Kentucky so far as we have discovered, which could affect the proceeding in this case. Even in England, and notwithstanding the statute of Anne, it seems that a *quo warranto* information against a whole corporation, as a body, can be brought only by, and in the name of the Attorney General; and we are satisfied, after all the research that we have been enabled to make. upon the subject, that the proceeding in this State, must be by information filed by the Attorney for the Commonwealth. The cases to which we have been referred, in the New Yerk Reports, and others which we have examined, all show that the proceedings by *quo war-ranto* whether against corporations, or individuals are carried on in that State, by information by the Attorney General; 15 *John Rep.* 358; 6 *Cowan,* 196, 212, 217; 21 *Wendell,* 235, 563; 2 *John. Rep.* 190; *Ib.* 183.

It cannot be doubted that the erection of toll gates, upon a public Turnpike road, and the demand and re-ceipt of toll on passing such gate, upon the road, is a liber-ty, or franchise, grantable in this State by Legislative au-

thority alone. The exercise of such a right, without such authority is a usurpation upon the Commonwealth, in whom alone the right of granting it resides. The object of the writ of *quo warranto*, in such a case, is to vindicate the public authority, which has been contemned, and to resume the usurped franchise, by an ouster of the usurper. . The remedy, therefore, is a public remedy, to be used in a case like this, for public purposes, and which, although it may be founded upon the affidavit of individuals, on which the Attorney for the Commonwealth may act, cannot be wielded by any individual, who may choose to appear as the champion of the public interest but can be properly commenced in Court, only upon the motion and information of the person, appointed to represent the Commonwealth. Upon his motion, founded upon affidavits or other evidence, disclosing the wrong complained of, the Court might allow him, to file an information, on which the writ of *quo warranto* should issue; 2 *John. Rep.* 184. But no movement, having been made, by him, the writ was improperly issued, on the petition of Adams, and the error was properly corrected by its subsequent quashal on the demurrer.

It should be stated, that the Attorney General representing the Commonwealth, in this Court, disclaims the prosecution of the writ of error. And the same considerations which show that Adams had no right to prosecute the remedy, in the *Circuit Court*, independently of the Attorney for the Commonwealth, prove also that he has no right, to prosecute the writ of error in this Court.

Wherefore the writ of error is dismissed.

*Harlan & Craddock* for Commonwealth; *Robertson, Daviess, and Morehead & Reed* for defendants.

gislative authority alone. The remedy for such usurpation is by a procedding in the name of the Commonwealth, not of an individual.